Plaintiff was present in the terminal in his capacity as a police officer to preserve the peace and to assure the safe passage of the Greyhound buses. He slipped and fell while walking quickly toward a group of picketers to prevent snowballs from being thrown at moving buses. The fact that his fall was caused by what plaintiff terms a "hidden hazard" does not take it out of the rule that the danger, " '*including the risk of negligence of property owners* and occupants in maintaining their premises' " *(Cooper v City of New York, supra,* at 589 [emphasis in original]), was one that he would be expected to assume as part of his police duties.

We, therefore, grant Greyhound's motion for summary judgment dismissing the complaint *(see,* CPLR 5501 [a] [1]). (Appeal from Judgment of Supreme Court, Erie County, Doyle, Jr., J.—Fireman's Rule.) Present—Pine, J. P., Balio, Lawton, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONISIA GUZMAN, Appellant. (Appeal No. 1.) [612 NYS2d 995] — Judgment unanimously affirmed *(see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONISIA GUZMAN, Appellant. (Appeal No. 2.) [612 NYS2d 995] — Judgment unanimously affirmed *(see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH G. VAN BUREN, Appellant. [612 NYS2d 1002] —Judgment unanimously affirmed. Memorandum: Defendant agreed that, as a condition of the plea bargain, he would appear on the scheduled date of sentencing and that, if he did not appear, the court was not bound by its promised sentence. Defendant did not appear for sentencing and was sentenced in absentia to a term of imprisonment different from the term originally promised. We conclude that, because defendant was sentenced in accordance with the plea agreement, he waived his right to appeal from the sentence. We reject defendant's contention that the sentence is harsh or excessive. (Appeal from Judg-